Matthew S. Parmet (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone   713 999 5228
fax       713 999 1187

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN H. BRADFORD**, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>**QRS, LLC,**<br><br>          Defendant. | Case No. 8:19-cv-02364<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>1. Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. 201, et seq.);<br>2. Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders);<br>3. Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders);<br>4. Violations of record keeping requirements (CAL. LAB. CODE § 226);<br>5. Waiting time penalties (CAL. LAB. CODE § 203);<br>6. Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200, et seq.). |

## SUMMARY

1. Plaintiff Brian H. Bradford works for Defendant QRS, LLC (QRS) as a Technologist.

2. Bradford and other workers like him regularly worked in excess of eight hours in a day and 40 hours in a week.

3. But Bradford and other workers do not receive proper overtime pay for these hours.

4. Instead of paying Bradford and other workers like him overtime in accordance with California and federal law, QRS pays these workers the same hourly rate for hours worked in excess of 40 in a week.

5. Further, instead of paying Bradford and other workers like him overtime in accordance with California law, QRS pays these workers the same hourly rate for hours worked in excess of eight hours in a day and 40 in a workweek or within seven consecutive days.

6. Further, QRS does not provide required meal periods and rest periods to Bradford and other workers like him mandated by California law.

7. This action seeks to recover the unpaid overtime wages and other damages QRS owes to Bradford and other workers like him.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court also has supplemental jurisdiction over the state law sub-classes pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and QRS is a resident of this District.

## INTRADISTRICT ASSIGNMENT

11. Bradford works for QRS in Palm Springs, Riverside County, California.

12. This matter therefore may be properly assigned to the District's Eastern Division.

**PARTIES**

A. **Plaintiffs**

13. Bradford is a resident of Beaumont, Texas.

14. Bradford has been employed by QRS as an hourly employee in California since approximately January of 2017.

15. Throughout his employment, QRS failed to pay Bradford overtime for the hours he worked in excess of eight hours in a day and 40 per week.

16. Specifically, Bradford is scheduled to work 10 hours shifts four days per week but often works additional unscheduled hours.

17. Bradford only receives his straight-time hourly rate for this daily and weekly overtime work.

18. Bradford also does not receive the meal and rest periods required under California law.

19. Because Bradford was compensated on an hourly basis and not salary basis, he was not exempt from the overtime requirements of state of federal law.

20. Bradford's consent to be a FLSA party plaintiff is attached as Exhibit A.

21. Bradford brings this action on behalf of himself and all other similarly situated workers, who were paid by QRS's illegal pay practices.

22. QRS paid these workers at straight-time rates for hours worked in excess of eight or 12 in a day in violation of California law.

23. QRS paid these workers at straight-time rates regardless of how many hours they worked in a workweek in violation of the FLSA and California law.

24. QRS did not provide these workers with meal and rest periods required by California law.

25. Bradford seeks a class certification of a class under Fed. R. Civ. P. 23 under the California Labor Code, as follows:

> **All workers employed by QRS in California at any time during the last 4 years who were paid the same hourly rate for all hours worked, including those in excess of 8 or 12 hours**

**in a day or 40 hours in a workweek (straight time for overtime) (California Overtime Workers).**

26. Bradford also seeks a class certification of a class under Fed. R. Civ. P. 23 under the California Labor Code, as follows:

**All workers employed by, or working on behalf of, QRS in California at any time during the last 4 years who did not receive required meal and/or rest periods (California Meal/Rest Period Workers).**

27. Bradford also seeks to represent a class of similarly situated employees or putative class members under the FLSA sought to be certified is defined as follows:

**All workers employed by, or working on behalf of, QRS at any time during the last 3 years who were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek (straight time for overtime) (FLSA Overtime Workers).**

28. Bradford, the FLSA Overtime Workers, the California Overtime Workers and the California Meal/Rest Period Workers are referred to collectively as the Hourly Workers.

**B.  Defendant**

29. QRS is a limited liability company that is organized under the laws of the California, that is headquartered in Dana Point, Orange County, California, and that transacts substantial business in the California. QRS can be served with process by serving its owner/manager: **Alejandro Manrique, 25372 Bowsprit Dr., Dana Point, California 92629-1419**, or by any other method authorized by law.

### FLSA COVERAGE

30. At all relevant times, QRS has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

31. At all relevant times, QRS has been part of an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

32. At all relevant times, QRS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA. 29 U.S.C. §

203(s)(1). QRS has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, medical supplies and other equipment – that have been moved in or produced for commerce.

33. In each of the last three years, QRS have had annual gross volume of sales made or business done of at least $500,000.

34. At all relevant times, Bradford and the FLSA Overtime Workers were engaged in commerce or in the production of goods for commerce.

35. QRS uniformly dictated the pay practices applied to Bradford and the FLSA Overtime Workers.

## FACTUAL BACKGROUND

36. QRS is a staffing company and provides workers in various industries to its clientele.

37. Bradford has worked for QRS since January 2017 primarily in the Palm Springs, California area.

38. Bradford regularly works in excess of eight or 12 hours per day.

39. Bradford regularly works in excess of 40 hours per week.

40. During his entire employment with QRS Bradford has been paid an hourly rate for his working time.

41. QRS has never paid Bradford a salary.

42. Bradford reports the hours he worked to QRS on a regular basis.

43. Thus, the hours Bradford works are reflected and recorded in QRS's records.

44. However, rather than pay Bradford any overtime premium for hours worked in excess of eight or 12 in a day, QRS only pays Bradford at his regular hourly rate for all these hours.

45. Similarly, rather than pay Bradford any overtime premium for hours worked in excess of 40 in a week, QRS only pays Bradford at his regular hourly rate for all these hours.

46. Further, although Bradford regularly works shifts of 10 hours or more, QRS routinely denies him timely and compliant rest and meal periods and has failed to pay Bradford the premium wages he is owed for working through the meal and rest breaks to which he is entitled.

47. Like Bradford, the Hourly Workers worked for QRS at various times during the previous four years, including and up to the present, and in various locations.

48. The California Overtime Workers also regularly worked in excess of eight or 12 hours in a day.

49. The FLSA Overtime Workers and California Overtime Workers also regularly worked in excess of 40 hours per week.

50. The California Meal/Rest Period Workers also did not receive required meal and rest breaks or premium wages for working through their meal and rest breaks.

51. The Hourly Workers were paid an hourly rate for their labor with no guaranteed minimum weekly salary.

52. The Hourly Workers reported the hours they worked to QRS on a regular basis.

53. Thus, the hours the Hourly Workers worked are reflected and recorded in QRS's records.

54. However, rather than pay the California Overtime Workers any overtime premium for hours worked in excess of 8 in a day, QRS only paid the California Overtime Workers at their regular straight-time hourly rate for all these hours.

55. Similarly, rather than pay the FLSA Overtime Workers and California Overtime Workers any overtime premium for hours worked in excess of 40 in a week, QRS only paid the FLSA Overtime Workers and California Overtime Workers at their regular straight-time hourly rates for all these hours.

56. Although the California Meal/Rest Period Workers regularly worked shifts of 10 or more hours, QRS routinely denies them timely and compliant rest and meal periods and has failed to pay them the premium wages they are owed for working through the meal and rest breaks to which they were entitled.

57. Any differences in pay rates and job duties between Bradford and the other Hourly Workers are immaterial because Bradford and the other Hourly Workers are all victims of the same illegal practices that violate the FLSA and California law.

58. QRS knew, or showed reckless disregard for whether, Bradford and the other Hourly Workers were working overtime and/or through their meal and rest breaks.

59. Nonetheless, QRS failed to properly compensate Bradford and the Hourly Workers for this time.

60. QRS knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA and California law.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

61. The Hourly Workers are victimized by QRS's patterns, practices, and/or policies which are in willful violation of the FLSA and California law.

62. Other FLSA Overtime Workers worked with Bradford and indicated they were paid in the same manner and performed similar work.

63. Other California Overtime Workers worked with Bradford and indicated they were paid in the same manner and performed similar work.

64. Other California Meal/Rest Period Workers worked with Bradford and indicated they were denied meal and rest periods.

65. Based on his experiences with QRS, Bradford is aware that QRS's illegal practices were imposed on the Hourly Workers.

66. The California Overtime Workers were not afforded overtime compensation when they worked in excess of 8 hours in a day or 40 hours in a week.

67. The FLSA Overtime Workers were not afforded overtime compensation when they worked in excess of 40 hours in a week.

68. The California Meal/Rest Period Workers were not compensated for missing their meal and rest periods.

69. Bradford's experiences are therefore typical of the experiences of the other Hourly Workers.

70. The specific job titles or precise job locations of the Hourly Workers do not prevent class or collective treatment.

71. Bradford has no interest contrary to, or in conflict with, the Hourly Workers.

72. Like each Hourly Worker, Bradford has an interest in obtaining the unpaid wages and other damages owed to them under state and/or federal law.

73. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.

74. Absent this action, many Hourly Workers likely will not obtain redress of their injuries and QRS will reap the unjust benefits of violating the FLSA and California law.

75. Furthermore, even if some of the Hourly Workers could afford individual litigation against QRS, it would be unduly burdensome to the judicial system.

76. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

77. The questions of law and fact common to the Hourly Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether QRS employed the Hourly Workers within the meaning of the applicable state and federal statutes, including the FLSA and California law;

   b. Whether QRS failed to pay overtime properly under the FLSA and California law;

   c. Whether QRS denied its workers required meal and rest periods and/or whether QRS failed to compensate its workers or missing meal and rest periods;

   d. Whether QRS's decision to not pay overtime premiums to the Hourly Worker Workers was made in good faith;

   e. Whether QRS's violation of the FLSA and California law was willful;

   f. Whether QRS failed to provide prompt, accurate and itemized earnings statements to the Hourly Workers;

   g. Whether QRS failed to promptly pay the Hourly Workers for hours worked;

   h. Whether QRS failed to promptly pay terminated employees upon termination; and

i. Whether QRS's illegal pay practices were applied uniformly to all Hourly Workers.

78. Bradford and the Hourly Workers sustained damages arising out of QRS's illegal and uniform employment policies and practices.

79. Bradford knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

80. Even if the issue of damages was somewhat individual in character, there would be no detraction from the common nucleus of liability facts.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FLSA

81. Bradford incorporates each other allegation.

82. Bradford brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

83. QRS violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay Bradford and the other FLSA Overtime Workers overtime for workweeks longer than 40 hours without compensating such Hourly Employee for work in excess of 40 hours per week at rates no less than 1.5 times the regular rates at which they were employed.

84. QRS knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the FLSA Overtime Workers overtime compensation.

85. QRS' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

86. Accordingly, Bradford and the FLSA Overtime Workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

### SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA LAW

87. Bradford incorporates each other allegation.

88. This cause of action applies only to the California Overtime Workers.

89. The California Labor Code requires that all employees, including Bradford and the California Overtime Workers, receive time and one-half overtime premium compensation for hours worked over 8 in one day. CAL. LAB. CODE § 510; IWC Wage Orders #1-2001 through #17-2001.

90. Despite working over eight hours a day as part of their normal and regular shift, Bradford and the California Overtime Workers did not receive any overtime compensation for all hours worked over 8 in one day.

91. The California Labor Code also requires that all employees, including Bradford and the California Overtime Workers, receive 2 times the overtime premium compensation for hours worked over 12 in a day. CAL. LAB. CODE § 510; IWC Wage Orders #1-2001 through #17-2001.

92. Although Bradford and the California Overtime Workers occasionally worked over 12 hours in a day, they did not receive the "double time" compensation required by California law.

93. The California Labor Code requires that all employees, including Bradford and the California Overtime Workers, receive 2 times the overtime premium compensation for hours worked over 8 in a day on the seventh consecutive day of a workweek. CAL. LAB. CODE §§ 510, 551-52; IWC Wage Orders #1-2001 through #17-2001.

94. Although Bradford and the California Overtime Workers regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

95. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Bradford and the California Overtime Workers to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**

96. Bradford incorporates each other allegation.

97. This cause of action applies only to the California Meal/Rest Period Workers.

98. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Bradford and the California Meal/Rest Period Workers had the right to

take 2 uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10-minute rest period for every 4 hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.

99. Although the California Labor Code requires that all employees, including Bradford and the California Meal/Rest Period Workers, receive two 30-minute meal-period breaks when employed for 10 hours per day, Bradford and the California Meal/Rest Period Workers did not receive two meal-period breaks for each day worked. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

100. As a pattern and practice, QRS did not provide Bradford and the California Meal/Rest Period Workers with meal-period breaks and did not provide proper compensation for this failure as required by California law.

101. Although the California Labor Code requires that all employees, including Bradford and the California Meal/Rest Period Workers, receive a 10-minute rest period for every four hours worked, Bradford and the California Meal/Rest Period Workers did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

102. As a pattern and practice, QRS did not provide Bradford and the California Meal/Rest Period Workers with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

103. Bradford and the California Meal/Rest Period Workers are entitled to receive compensation, at their regular rate of pay, of 1 hour for each day they were denied their lawfully required meal and rest periods. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

104. QRS's policy fails to provide Bradford and the California Meal/Rest Period Workers with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Bradford and the California Meal/Rest Period Workers in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

**FOURTH CAUSE OF ACTION**
**FAILURE TO FURNISH WAGE STATEMENTS**

105. Bradford incorporates each other allegation.

106. This cause of action applies only to the California Overtime Workers and the California Meal/Rest Period Workers.

107. Labor Code § 226(a) requires employers at least semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, inter alia, the total wages earned by the employee.

108. Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.00, and is also entitled to an award of costs and reasonable attorney's fees.

109. Throughout the relevant period QRS knowingly and intentionally failed to furnish and continued to knowingly and intentionally fail to furnish Bradford and the California Overtime Workers and the California Meal/Rest Period Workers with timely, itemized statements showing the total wages earned by each of them, as required by Labor Code § 226(a).

110. Bradford and the California Overtime Workers and the California Meal/Rest Period Workers should be awarded the damages set forth in Labor Code § 226(e) as well as attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**

111. Bradford incorporates each other allegation.

112. This cause of action applies only to the California Overtime Workers and the California Meal/Rest Period Workers.

113. At all relevant times, QRS was required to pay Bradford and the California Overtime Workers and the California Meal/Rest Period Workers all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

114. As a result of QRS's alleged California Labor Code violations, QRS regularly failed to pay Bradford and the California Overtime Workers and the California Meal/Rest Period Workers their final wages pursuant to California Labor Code sections 201 to 204, and accordingly QRS owes waiting time penalties pursuant to California Labor Code section 203.

115. The conduct of QRS, in violation of Bradford's and the California Overtime Workers' and the California Meal/Rest Period Workers' rights, was willful and was undertaken by the agents, employees, and managers of QRS.

116. QRS's willful failure to provide Bradford and the California Overtime Workers and the California Meal/Rest Period Workers the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

117. Therefore, Bradford and the California Overtime Workers and the California Meal/Rest Period Workers who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION

118. Bradford incorporates each other allegation.

119. This cause of action applies only to the California Overtime Workers and the California Meal/Rest Period Workers.

120. QRS has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; and (4) accurate wage statements.

121. As a result of QRS's failure to comply with federal and state law, QRS has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

122. The relevant acts by QRS occurred within the four years preceding the filing of this action.

123. On information and belief, QRS has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Bradford and the California Overtime Workers and the California Meal/Rest Period Workers of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

124. Bradford and the California Overtime Workers and the California Meal/Rest Period Workers are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

125. Bradford and the California Overtime Workers and the California Meal/Rest Period Workers are also entitled to permanent injunctive and declaratory relief prohibiting QRS from engaging in the violations and other misconduct referred to above.

126. QRS is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

### PRAYER FOR RELIEF

WHEREFORE, Bradford, on behalf of himself and the Hourly Workers he seeks to represent in this action, requests the following relief:

    a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order designating the claims of the California Overtime Workers as class action pursuant to Fed. R. Civ. P. 23;

    c. For an Order designating the claims of the California Meal/Rest Period Workers as class action pursuant to Fed. R. Civ. P. 23;

    d.    For an Order pursuant to Section 16(b) of the FLSA finding QRS liable for unpaid back wages due to Bradford and the FLSA Overtime Workers and for liquidated damages equal in amount to their unpaid compensation;

    e.    For and Order finding QRS liable for unpaid back wages due to Bradford and the California Overtime Workers for liquidated damages in an amount to their unpaid compensation;

    f.    For and Order finding QRS liable for unpaid back wages due to Bradford and the California Meal/Rest Period Workers for liquidated damages in an amount to their unpaid compensation;

    g.    For an Order finding QRS liable to Bradford and the California Meal/Rest Period Workers for premium compensation for missing meal and rest periods mandated by California law;

    h.    For an Order finding QRS liable to Bradford, the California Overtime Workers and the California Meal/Rest Period Workers and awarding them the damages set forth in Labor Code § 226(e), waiting time penalties under California Labor Code § 203 and wrongfully withheld wages and related damages pursuant to Business and Professions Code § 17203;

    i.    For an Order appointing Bradford and his counsel as Class Counsel to represent the interests of the FLSA and California Classes; and

    j.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    k.    For all such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| 1 | Dated: December 7, 2019.      Respectfully submitted, |

Dated: December 7, 2019.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____
Matthew S. Parmet
(CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone   713 999 5228
fax      713 999 1187

**Attorneys for Plaintiff**