CUMMINS & WHITE, LLP
Erick J. Becker, P.C. (Bar No. 137180)
E-mail: ebecker@cwlawyers.com
Noura K. Rizzuto (Bar No. 291455)
E-mail: nrizzuto@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Facsimile: (949) 852-8510

Attorneys for Defendant
QRS, LLC


Matthew S. Parmet (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 713 999 5228
fax 713 999 1187

Richard J. Burch
(admitted *pro hac vice*)
rburch@brucknerburch.com
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
(713)877-8788 – Telephone
(713)877-8065 – Facsimile

Attorneys for Plaintiff BRIAN H. BRADFORD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN H. BRADFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QRS, LLC,<br><br>Defendant. | CASE NO. 8:19-cv-02364 MCS (KESx)<br><br>**JOINT MOTION FOR APPROVAL OF FLSA RELEASE AND SETTLEMENT AGREEMENT** |

Plaintiff BRIAN H. BRADFORD ("Plaintiff" or "Bradford") and Defendant

-1-

QRS, LLC ("Defendant" or "QRS") file this Joint Motion for Approval of FLSA Release and Settlement Agreement as to Plaintiff's FLSA claims asserted in his First Amended Complaint, and request that the Court approve the Parties' Settlement Agreement attached hereto as Exhibit "A." The Parties agree that the settlement detailed in the Settlement Agreement is fair and reasonable, and that no hearing before the Court is needed or requested.

## I.  Factual Background

Plaintiff was engaged as a travelling registered nurse for Defendant and was assigned to work temporary assignments at various hospitals in Southern California. Plaintiff is a resident of Texas. He performed work for QRS from June, 2017 to September, 2019, and was paid at various hourly rates of pay, depending on the assignment. Plaintiff's hourly wage was far above both the federal and state minimum wage throughout his employment.

Plaintiff's original Complaint, filed on December 11, 2019, alleged claims for violation of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* by failing to pay overtime premium rates for hours worked over 40 in a work week, and state law causes of action for failure to pay overtime, failure to provide meal and rest periods, failure to provide compliant wage statements, failure to pay all wages upon termination, and unfair business practices. [Doc. 9] Plaintiff sought to bring the claims on a class basis.

The Parties stipulated to the filing of a First Amended Complaint ("FAC") and the order was granted by the Court on June 11, 2020. [Doc. 31] The FAC, filed on June 15, 2020, contained the same causes of action, but removed the class allegations so that the matter was only brought on behalf of Plaintiff. [Doc. 32] Defendant filed its Answer to the FAC on July 6, 2020, denying the substance of Plaintiff's allegations.

During discussions regarding discovery and mediation of the dispute, the Parties agreed to seek resolution of the matter directly, rather than litigating or

engaging in formal mediation. Defendant informally shared information with Plaintiff, including records of his hours of work and pay stubs, and the Parties ultimately reached an agreement to settle the lawsuit as reflected in the Agreement attached as Exhibit A, which was executed by the Plaintiff on August 6, 2020 and Defendant on August 11, 2020.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. Both before and during the litigation, the Parties conducted a thorough investigation into the merits of their respective claims and defenses. Informed by their knowledge of the underlying facts and applicable law, the Parties, through their counsel, have negotiated a settlement of Plaintiff's claims under the FLSA and California wage and hour laws in the total amount of $35,000.00. This includes payment to Plaintiff of $10,225.95 for unpaid wages, including overtime, and $10,225.95 for liquidated damages and penalties, as well as payment of attorney's fees and costs in the amount of $14,548.10, which Defendant agrees is a fair and reasonable amount to compensate Plaintiff's counsel for their time and costs. The terms and conditions of the settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case. In addition, the Parties believe that the certainty of settlement is more advantageous to both than the uncertain outcome of protracted litigation. The Parties jointly advise that their settlement, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the Parties' settlement, such that there are no other terms or agreements outside of those being provided to the Court for review.

## II. Legal Standard

The FLSA provides that "[a]ny employer who violates the provisions of Section 206 or 207 of this title shall be liable to the employee…affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as

|W054|2096986.docx.DOC;1|

the case may be…." 29 U.S.C. §216(b). The Act's provisions are mandatory and generally not subject to waiver by private settlement, except (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. §216(c), or (2) when a court reviews and approves a settlement reached by the parties in a private FLSA action under 29 U.S.C. §216 (b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

In reviewing such a settlement, a court must determine whether the settlement represents "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. Where there is a legitimate question whether wages are owed, or the extent of wages owed, there is a bona fide dispute and the court may approve the settlement "…to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts weigh the totality of the circumstances, balancing such factors as "(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of the participating plaintiffs; and (6) the possibility of fraud or collusion." *Selk v. Pioneers Mem'l Healthcare Dist.,* 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016) (*citations omitted)*. If the court is satisfied "…that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA," then approval of the settlement is warranted. *Id.*

In addition to approval of the settlement amount, the FLSA requires the court review the reasonableness of the settlement amount allocated to attorney's fees so that counsel is adequately compensated, but there is no conflict of interest tainting the settlement in light of the employee's recovery. *See Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009).

|W054|2096986.docx.DOC;1|

### III. There is a Bona Fide Dispute Whether Plaintiff is Owed Wages Under the FLSA

Plaintiff's FLSA claims in the FAC are limited to overtime pay, as Plaintiff was paid minimum wage for all hours worked. Under the FLSA, overtime is owed after 40 hours are worked in the work week. Throughout his employment, Plaintiff was paid overtime for hours worked over 40 each work week, at the proper overtime rate under both the FLSA and the applicable California Wage Order. The evidence of these payments, in the form of the records of hours worked and pay statements issued to Plaintiff, were provided to counsel for Plaintiff through informal discovery. Consequently, there is a bona fide dispute over Plaintiff's FLSA overtime claims.

### IV. The Settlement of Plaintiff's Claims is Fair, Just and Reasonable

The proposed settlement meets the fair, just and reasonable standard, reviewing the totality of the applicable factors, and particularly in consideration of the limited prospect of success on Plaintiff's FLSA claims.

#### A. Plaintiff's Range of Possible Recovery

As set forth in Section III above, Plaintiff was paid overtime over 40 hours in a work week, and as a result, Plaintiff's possibility of success on the merits of his FLSA cause of action is very limited. The settlement amount for wages is therefore fair and reasonable when balanced against the risk that going to trial could very well result in no recovery under the FLSA.

Plaintiff's overtime claims are instead reliant on the daily overtime provisions under California law. Defendant denies that Plaintiff was entitled to overtime over 8 hours worked in a day, because the hospitals that he was assigned to work at maintained an alternative work week schedule for similarly situated employees that provided for daily overtime over 10 or 12 hours in a work day. There is no reported case law addressing whether alternative work week schedules, although the California Department of Labor Standards Enforcement has issued an Opinion Letter indicating that temporary "registry" health care employees under Wage Order 5 are

covered by an alternative work week schedule adopted by the hospital they are assigned to. *DLSE Opn. Letter No. 1992.01.21* Defendant therefore has a valid defense to Plaintiff's daily overtime claims. Moreover, even if Plaintiff was arguably entitled to daily overtime, Defendant's calculations based on the time records and pay stubs indicates the maximum Plaintiff could be entitled to receive is $15,550.09, which is close to the amount Plaintiff is receiving in settlement for wages. Plaintiff does not dispute this maximum potential recovery of overtime pay under state law. Given Defendant's defenses and the uncertainties of litigation, the settlement amount is well within the potential range of recovery.

Defendant likewise has viable defenses to Plaintiff's other causes of action arising from state law, as Plaintiff was authorized to take meal and rest periods, and he worked at all times remote from any personnel of Defendant. Further, Plaintiff received wage statements each pay period that were compliant with Labor Code §226. Finally, while Plaintiff would be eligible for waiting time penalties under Labor Code §203 if he were able to establish that he was owed overtime wages upon termination, the maximum penalties that he could be awarded would be approximately $16,000. Since over $10,000 of the settlement amount is attributed to liquidated damages and penalties, Plaintiff's potential recovery does not greatly exceed what he is receiving in settlement.

### B. Stage of Proceedings and Amount of Discovery Completed

Plaintiff and Defendant have conferred multiple times regarding the issues raised in the FAC, and Defendant has been forthright in sharing all data relevant to Plaintiff's claims, which have been reviewed by Plaintiff and his counsel. All the parties agree that the data shared is accurate, and that the calculations of Plaintiff's potential daily overtime claims have been made in good faith and are accurate. The issues are straightforward, and both parties agree that formal discovery would only serve to confirm the information already provided informally. At this stage of the proceedings, Plaintiff is confident that he has reviewed sufficient information to have

a complete understanding of the issues in the matter, the potential recovery should he proceed with litigation, and the risks of litigation.

### C. Seriousness of Litigation Risks Faced by the Parties

As stated previously, Plaintiff faces serious risk that he will not recover on his FLSA overtime claim.  Settlement is favored where "there is a significant risk that litigation might result in a lesser recover[y] … or no recovery at all." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015).  Given the limited amount of recovery available to Plaintiff on his state law claims, the expense and duration of continuing the litigation favors resolution by this settlement. *See Glass v. UBS Fin. Servs., Inc.,* No. C-06-4068 MMC, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007), *aff'd,* 331 F. App'x 452(9th Cir. 2009).

### D. Scope of the Release in the Settlement Agreement

The release in the Agreement is narrowly tailored to only cover the wage and hour claims raised in the pleadings, including the FLSA claims.  This is in accord with applicable precedent. *See Selk, supra,* 159 F.Supp.3d at 1178 and cases citied therein.  The release does not cover any employment claims unrelated to those raised in this litigation, and the Parties limited the release of unknown claims under California Civil Code §1542 to "only those claims arising under the same operative facts" as the claims in the pleadings.  Since the release is narrowly tailored and does not force Plaintiff to forfeit other claims, the settlement should be approved.

### E. Experience and Views of Counsel and Plaintiff

Both counsel are experienced employment attorneys who are deeply familiar with the issues in wage and hour litigation under both the FLSA and state law.  Each counsel has thoroughly analyzed the issues in this matter, and both agree that the finality and certainty of settlement is preferable to continued litigation.  Plaintiff likewise agrees that the settlement and the amounts he will be receiving are fair and reasonable. This factor supports approval of the settlement.

|W054|2096986.docx.DOC;1|

### F. Possibility of Fraud or Collusion

The settlement was reached through arms-length negotiations, after both sides thoroughly investigated the facts and merits of their respective claims and defenses. Counsel and their firms had no prior connection and had never litigated any matters previously. Based on the separate amounts to be paid to Plaintiff's counsel, disclosed in the settlement agreement, and the amount being paid to Plaintiff in settlement of his claims, the Parties submit there is no basis for finding fraud or collusion in this matter.

## V. The Award of Attorney's Fees and Costs is Fair and Reasonable

The portion of the settlement allocated to attorney's fees and costs is fair and reasonable at this stage of the proceedings. Plaintiff's counsel has invested significant time in investigating Plaintiff's claims and his potential causes of action under California law, bringing the action in this jurisdiction, outside the home state of both Plaintiff and counsel, reviewing all pay and time records provided by Defendant and calculating potential damages, and communicating with Defendant's counsel regarding the litigation and negotiating the settlement. Counsel's time records and the costs incurred manifest that the attorney's fee is commensurate with the time and expense invested.

## VI. CONCLUSION

Based upon the foregoing, the Parties jointly affirm that the settlement terms are fair, reasonable and adequate. The Parties therefore respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order approving the settlement (a proposed Order is attached and e-filed herewith), allowing the Parties to file a Joint Stipulation of Dismissal with Prejudice as to Plaintiff's claims. The Parties further request that all proceedings in this matter be stayed until such time as the Joint Stipulation of Dismissal with Prejudice is filed.

| | | |
|---|---|---|
| 1 | Dated: October 7, 2020 | CUMMINS & WHITE, LLP |
| 2 | | |
| 3 | | By: */s/ Erick J. Becker* |
| 4 | | Erick J. Becker, P.C.<br>Noura K. Rizzuto<br>Attorneys for Defendant |
| 5 | | QRS, LLC |
| 6 | | |
| 7 | Dated: October 7, 2020 | BRUCKNER BURCH PLLC |
| 8 | | |
| 9 | | By: */s/ Richard J. Burch (as authorized on 10/6/20)* |
| 10 | | Richard J. Burch<br>Attorneys for Plaintiff |
| 11 | | BRIAN H. BRADFORD, individually and on behalf of all others similarly situated |

|W054|2096986.docx.DOC;1|

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("**Agreement**") is made by **Brian H. Bradford** ("**Plaintiff**") and **QRS, LLC**, a California Limited Liability Corporation **("RELEASEE")**, and inures to the benefit of RELEASEE'S current, former and future principals, successors, parents, subsidiaries or affiliated companies, officers, directors, owners, agents, employees, and assigns (collectively, "**RELEASEES**").

### Recitals

Plaintiff was employed by RELEASEE until on or about December 21, 2019. Plaintiff has asserted various claims against RELEASEE related to his employment, as set forth in his Complaint and First Amended Complaint filed in United Stated District Court, Central District of California (Case No. 8:19-cv-02364 DOC (KES)). RELEASEE expressly denies such claims. Plaintiff and RELEASEE desire to avoid any expense, delay and uncertainty attendant to these claims and have negotiated a settlement of these claims as set forth herein.

The parties therefore agree, in consideration of the execution of this Agreement and the mutual covenants contained in this Agreement, as follows:

### TERMS

**1.      Consideration.** In consideration of the release(s) given by Plaintiff under this Agreement, RELEASEE will pay a total gross payment to Plaintiff of $35,000.00 (Thirty-Five Thousand Dollars and no cents). The payment will be paid as follows:

RELEASEE will issue a check payable to BRIAN H. BRADFORD in the gross amount of $10,225.95 as payment for alleged unpaid wages. Applicable deductions, including income taxes and Social Security taxes, will be withheld from this sum. RELEASEE will be responsible for the payment of the employer's share of any and all payroll taxes, but not the employee's share. RELEASEE will issue a Form W-2 to Plaintiff in connection with this payment.

RELEASEE will issue a check payable to BRIAN H. BRADFORD in the amount of $10,225.95 as payment for Plaintiff's alleged non-wage damages, including alleged liquidated damages and penalties. RELEASEE will issue a Form 1099 to Plaintiff in connection with this payment.

RELEASEE will issue a check payable to BRUCKNER BURCH PLLC in the amount of $14,548.10 as payment for Plaintiff's alleged attorneys' fees, costs, and expenses. RELEASEE will issue a Form 1099 to BRUCKNER BURCH PLLC in connection with this payment.

RELEASEE will issue the checks within ten (10) calendar days of entry of an order by the Court approving Plaintiff's request for dismissal, provided Plaintiff otherwise complies with the terms herein.

2. **Characterization of Payments**. Plaintiff expressly agrees to be solely responsible for any of his tax liability that may result from payment of such sums paid pursuant to this agreement, including penalties and forfeitures arising from such payment, and expressly acknowledges that RELEASEE is not liable in any way for any tax consequences to Plaintiff of this settlement. Plaintiff agrees to indemnify, defend, and hold harmless RELEASEE from any tax liability or fees owed by Plaintiff arising out of or in connection with the tax treatment of the settlement sums paid to Plaintiff.

3. **Sufficiency of Consideration**. Plaintiff acknowledges that he would not be entitled to the benefits, promises and commitments provided for in this Agreement if he elected not to sign this Agreement, and that each of these commitments by RELEASEE constitutes a substantial economic benefit to Plaintiff, as well as good and valuable consideration for the various commitments undertaken by Plaintiff in this Agreement.

4. **Separation from Employment and Wages Paid.** Plaintiff and RELEASEE agree that Plaintiff's employment with RELEASEE shall have terminated as of December 21, 2019. Plaintiff acknowledges that, including by virtue of this Agreement and the sums he shall receive hereunder, he has been paid for all wages, accrued and unused vacation time, and all other categories of compensation, benefits, and other amounts to which Plaintiff may be entitled. Plaintiff certifies that he did not experience a job-related illness or injury while employed by RELEASEE for which he has not already filed a claim.

5. **Dismissal by Plaintiff.** The Parties agree to jointly file a motion for approval and dismissal with prejudice with the Court. The Parties expressly agree that the terms of this Agreement shall not be considered effective and enforceable unless and until the request for dismissal of the First Amended Complaint in its entirety and with prejudice is entered by the Court. In the event dismissal is not ordered by the Court, the Parties agree to meet and confer in good faith to determine what modifications to this Agreement are necessary to address any issues raised by the Court.

6. **Release of Claims**. Plaintiff, for Plaintiff and Plaintiff's heirs, executors, administrators, assigns, and successors, fully and forever releases and discharges RELEASEE and any parent, subsidiary or affiliated entities, their current, former and future principals, successors, officers, directors, owners, agents, attorneys, insurers, employees and assigns (collectively, "**RELEASEES**") with respect to all claims known or unknown, suspected or unsuspected ("claims")arising from the operative facts as pled in the Complaint and the First Amended Complaint. The released claims include, but are not limited to, any claims for minimum wages, payment of wages and overtime wages, meal and rest period penalties, waiting time penalties, penalties for non-compliant wage statements or failing to maintain pay records, unfair business practices under Business

and Professions Code §17200, and penalties under the Private Attorneys General Act (PAGA), Labor Code §2699 et seq. arising under the California Labor Code, California Wage Orders, and the Fair Labor Standards Act, including claims for penalties, costs, and attorneys' fees arising from these claims. **Waiver of Civil Code § 1542.** Plaintiff expressly waives all rights and benefits conferred on him by California Civil Code § 1542, which states:

> "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party."

Plaintiff agrees and understands that the Release given pursuant to this Agreement applies to all unknown, unsuspected, and unanticipated claims, liabilities, and causes of action, but only as to claims arising under the same operative facts as pled in the Complaint and First Amended Complaint, which Plaintiff may have against any of the RELEASEES as set forth in Section 6 hereinabove. The Parties acknowledge and agree that this waiver does not extend to any claims not specifically set forth in Section 6, and that this waiver shall not be construed as a general waiver or release of all claims.

7. **Confidentiality**. Unless compelled by legal process, Plaintiff and RELEASEE agree to keep the terms and consideration for the Agreement confidential and will not disclose to others, including current or former employees of RELEASEE, the terms of this Agreement, except that: (1) Plaintiff may disclose this information to Plaintiff's spouse and Plaintiff's attorneys, accountants, and other professional advisors to whom the disclosure is necessary to accomplish the purposes for which Plaintiff has consulted with such professional advisors; (2) RELEASEE may disclose this information to their attorneys, accountants, and other professional advisors, Board of Directors and executives of RELEASEE. This shall not prevent Plaintiff from communicating with any person regarding the nature of his claims brought against RELEASEE. The confidentiality provisions in this Section are material terms of this Agreement, and any violation of these provisions shall be considered a material breach of the Agreement.

8. **Covenant Not to Sue**. Plaintiff agrees not to institute or participate in any litigation against RELEASEES arising out of the operative facts pled in his Complaint or First Amended Complaint, on behalf of himself or on behalf of any other person employed by RELEASEES, including but not limited to, filing an administrative complaint with California Labor Commissioner, Department of Labor Standards Enforcement, or Labor Workforce Development Agency, or instituting or participating in an individual, class action or PAGA action alleging the same or similar causes of action as pled in the Complaint or First Amended Complaint.

9. **No Admission of Liability**. Nothing in this Agreement constitutes or shall be construed as an admission of liability on the part of RELEASEES. RELEASEES expressly deny any liability of any kind to Plaintiff, and particularly any liability arising

out of or in any way related to his employment with QRS, LLC, or his separation from employment.

10. **Attorney's Fees**. Plaintiff warrants that the payment of attorney's fees by Defendant in settlement of the matter as set forth in Section 1 is in full satisfaction of any costs, fees and expenses, including attorneys' fees, that Plaintiff could seek in connection with his claims. If Plaintiff or RELEASEES bring an action against the other party hereto for breach of this Agreement, or to seek enforcement of the provisions of this Agreement, the prevailing party shall be entitled to its costs and attorney's fees in bringing forward the action.

11. **Interpretation.** This Agreement contains the entire agreement between the parties regarding its subject matter. Any prior oral or written representations, agreements, and/or understandings shall be of no effect. No waiver, amendment, or discharge of this Agreement shall be valid unless it is in writing and signed by the party to be obligated. This Agreement shall be governed by California law. If any provision of this Agreement is held by a court to be invalid or unenforceable, the other provisions shall remain in effect. No inference or presumption shall be drawn if a party or its attorney prepared and/or drafted this Agreement; it shall be conclusively presumed that the parties participated equally in its preparation and/or drafting.

12. **Admissibility in Court.** The parties intend for this Agreement to be enforceable, binding, and admissible in court. The parties and their counsel acknowledge and agree that their respective obligations herein may be specifically enforced by the Court upon noticed motion.

13. **Execution of This Document.** The parties have signed the Agreement voluntarily after having been advised by their counsel or having had the opportunity to be represented in negotiations for the preparation of this Agreement by counsel of their own choice. The parties agree that the terms herein are fair and reasonable. The parties have entered into this Agreement voluntarily, without coercion, and based on their own judgment. In signing below, the parties are not relying on any inducements, promises, and representations made by or on behalf of the other party except as set forth in this Agreement. This Agreement may be executed in counterparts, each of which shall be deemed an original. An executed counterpart of this Agreement transmitted by fax or other electronic means shall be equally as effective as a manually executed counterpart.

14. **Circular 230 Disclaimer**. Each party to this agreement acknowledges and agrees that (1) no provision of this agreement, and no written communication or disclosure between or among the parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) each party (a) has relied exclusively upon his/her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this agreement, (b) has not entered into this agreement based upon the recommendation of any other party or any attorney or

advisor to any other party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (3) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this agreement.

Dated: Aug 6, 2020

**PLAINTIFF**

*Brian Bradford (Aug 6, 2020 09:07 CDT)*

Brian H. Bradford

Dated: 8/11/2020

**QRS, LLC**

*Alejandro Manrique*

By: Alejandro Manrique

CUMMINS & WHITE, LLP
Erick J. Becker, P.C. (Bar No. 137180)
E-mail:  ebecker@cwlawyers.com
Noura K. Rizzuto (Bar No. 291455)
E-mail:  nrizzuto@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Facsimile: (949) 852-8510

Attorneys for Defendant
QRS, LLC


Matthew S. Parmet (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 713 999 5228
fax 713 999 1187

Richard J. Burch
(admitted *pro hac vice*)
rburch@brucknerburch.com
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
(713)877-8788 – Telephone
(713)877-8065 – Facsimile

Attorneys for Plaintiff BRIAN H. BRADFORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BRIAN H. BRADFORD, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>QRS, LLC,<br><br>            Defendant. | CASE NO. 8:19-cv-02364 MCS (KESx)<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA RELEASE AND SETTLEMENT AGREEMENT** |

# [PROPOSED] ORDER

The Court carefully reviewed the Joint Motion for Approval of FLSA Release and Settlement Agreement ("Motion") and proposed Order, along with the Settlement Agreement and Release of Claims attached to the Motion as Exhibit A.

Based on a review of the record, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Settlement Agreement and Release of Claims is incorporated herein by reference, and is approved as fair, reasonable and just in all respects as to the Plaintiff, and the Parties shall perform their obligations under the Settlement Agreement in accordance with its terms.

2. The Court reserves jurisdiction to enforce the terms of the Settlement Agreement until such time as the Parties file a Joint Stipulation Requesting Dismissal with Prejudice. The Court shall stay all proceedings in this matter until such time as the Joint Stipulation Requesting Dismissal is filed.

**IT IS SO ORDERED.**

Dated: _____

**HON. MARK C. SCARSI**
**UNITED STATES DISTRICT JUDGE**

# CERTIFICATE OF SERVICE

*Brian H. Bradford v. QRS, LLC, et al.*

USDC, Central District of California

Case No.: 8:19-cv-02364 MCS (KESx)

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660-0764.

On October 8, 2020, I served the following document(s) **JOINT MOTION FOR APPROVAL OF FLSA RELEASE AND SETTLEMENT AGREEMENT** and **[PROPOSED] ORDER** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Matthew S. Parmet, Esq.<br>Parmet PC<br>340 S. Lemon Avenue, Suite 1228<br>Walnut, CA 91769<br>(713) 999-5288 – Fax (713) 999-1187<br>matt@parmet.law<br>*Attorneys for Plaintiff BRIAN H. BRADFORD* | Carl A Fitz, Esq.<br>Josephson Dunlap LLP<br>11 Greenway Plaza Suite 3050<br>Houston, TX 77046<br>(713) 352-1100 – Fax (713) 352-3300<br>cfitz@mybackwages.com<br>*Attorney Pro Hac Vice for Plaintiff BRIAN H. BRADFORD* |

Richard J. Burch, Esq.
Bruckner Burch PLLC
8 Greenway Plaza Suite 1500
Houston, TX 77046
(713) 877-8788 – Fax (713) 877-8065
mburke@brucknerburch.com
Attorney Pro Hac Vice for Plaintiff
BRIAN H. BRADFORD

☐ **By Mail:** I am readily familiar with Cummins & White, LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business at Newport Beach, California

☑ **By CM/ECF:** I caused the above-referenced document(s) to be served to the attached-named person(s) at his/her/their e-mail address(es) of record. The transmission was reported as complete and without error.

Executed on October 8, 2020, at Newport Beach, California.

☑ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

                                                */s/ Mary Reed*
                                                Mary Reed

|W054|2096986.docx.DOC;1|